900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse L. WILLIAMS, Defendant-Appellant.
 No. 88-2039.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1990.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and RONALD E. MEREDITH, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant Williams was charged with four other defendants in a four-count indictment with conspiracy to distribute cocaine, possession with intent to distribute cocaine, use of firearms during and in relation to a felony drug offense, and possession of a machine gun, in violation of Title 21, U.S.C. Sec. 5856(d). Appellant pleaded guilty to two counts of the indictment and two counts were dismissed pursuant to a plea agreement. Appellant was sentenced to 324 months of incarceration.
 
 
 2
 Appellant argues that certain findings by the trial court at the sentencing hearing were erroneous. The standard for reviewing the findings of fact is whether the trial court was clearly erroneous in its findings. Title 18, U.S.C. Sec. 3472(d).
 
 
 3
 Appellant asserts that the evidence at the sentencing hearing did not demonstrate that he was aware of or that it was reasonably foreseeable for him to be aware of the volume of drugs being distributed. The Court found that over 500 grams of cocaine was distributed by the conspiracy thus warranting a base offense level of 36. Section 2D1.1 of the Sentencing Guideline Manual. The Application Notes to Section 2D1.4 of the sentencing guidelines suggests that a defendant who is convicted of conspiracy be sentenced based on the conduct of co-conspirators of which he was aware or it was reasonably foreseeable that the defendant was aware of the conduct. Co-defendant Andre' Morris testified that the drug organization sold more than 500 grams of cocaine. Appellant operated closely with Morris in a body guard capacity, as a money delivery person and as a manager or director. In that capacity, it is not clearly erroneous for the District Court to conclude that it was reasonably foreseeable that appellant was aware of the quantity of cocaine sold.
 
 
 4
 Appellant challenges the Court's finding that he used a firearm during and in relation to a drug trafficking offense. Appellant, however, admitted that he possessed weapons during the conspiracy period. There need not be an intimately close relationship between weapons possessed and the drug trafficking offense. Congress sought to reach conspirators who used weapons, carried weapons or who possessed weapons for the protection of the drug syndicate. United States v. Eagle, 539 F.2d 1166 (8th Cir.1976), cert. denied 97 S.Ct. 1146, 429 U.S. 1110, 51 L.Ed.2d 563 (1977). The federal search warrant executed at 18627 Gable on December 2, 1976, where appellant resided, yielded both firearms and ammunition. We find that sufficient evidence existed for the trial court to determine at the sentencing hearing that the appellant possessed firearms.
 
 
 5
 Appellant received a 3 level increase based on his role as a manager or supervisor in the drug conspiracy. The advisory notes with Sec. 3B1.1 states that:
 
 
 6
 "the court should consider ... the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy."
 
 
 7
 The evidence in support of the Court's finding that the appellant exercised a managerial role was that appellant looked on while co-defendant Andre' Morris had a worker in the drug conspiracy beaten up for a transgression; appellant recruited and employed people to sell drugs out of the drug houses; these people were supervised by appellant; and appellant was observed giving orders. The District Court, having relied on this evidence, was not clearly erroneous in its finding that appellant operated as a manager and supervisor in the conspiracy.
 
 
 8
 Lastly, appellant asserts that by the nature of his guilty plea that he accepted responsibility for his actions and should have been credited with that acceptance though he denied being a manager or supervisor in the drug conspiracy. Great deference is given the trial court with regard to the acceptance of responsibility and the trial court's finding should not be set aside without reason. Application Note 5 to Guidelines Sec. 3E1.1. Acceptance of responsibility is determined by considering whether the defendant voluntarily terminated his criminal conduct; whether the defendant voluntarily and truthfully admitted his involvement in the offense; whether the defendant voluntarily assisted in recovery of evidence; and whether the defendant accepted responsibility in timely fashion. A guilty plea in and of itself does not require application of a two level reduction in the sentencing guidelines for acceptance of responsibility. Having earlier found that the trial court was not erroneous in finding that the defendant held a managerial role in the drug conspiracy, and in light of appellant's denial of his managerial role, we find that the trial court's determination that the appellant is not entitled to the two level reduction will not be disturbed.
 
 
 9
 The findings of the trial court shall be AFFIRMED.
 
 
 
 *
 Honorable Ronald E. Meredith, United States District Court, Western District of Kentucky, sitting by designation